**Linda M. WATSON, Plaintiff—Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

**No. 03–16576.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2005.*

Decided March 8, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Matthew L. Howard, Esq., Talmadge, CA, for Plaintiff–Appellant.

Dennis J. Hanna, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM **

Linda Watson appeals the district court's summary judgment upholding the Commissioner of Social Security's denial of her application for a period of disability and disability insurance benefits under Title II of the Social Security Act.

We are persuaded that the ALJ's decision denying cross-examination was not an abuse of discretion because the ALJ expressly disclaimed reliance on the contested report and relied instead on the overall record and medical evidence. Our conclusion is bolstered by the fact that the ALJ ultimately found the claimant *more* limited in her abilities than the contested report had. Because the contested report merely corroborated other medical evidence in the record and was not relied upon by the ALJ, we conclude that the doctor responsible for its preparation was not a crucial witness whose cross-examination was necessary for a "full and true disclosure of the facts." 5 U.S.C. § 556(d). Accordingly, the ALJ did not abuse his discretion in denying cross-examination, nor did the denial deprive Watson of due process.

Watson argues, however, that without the contested report the ALJ's preference for her long-time physician's findings, instead of her most recent treating physician's findings, is unsupported. We treat this as a claim that the ALJ's decision is not supported by substantial evidence, and we disagree.

Nowhere in the ALJ's opinion is there any clear indication that the treating physician's findings were rejected in favor of the findings of other doctors. Rather, the treating physician's findings appear to have been given little probative weight because they were contradicted by *all* of the other medical evidence in the record, including reports prepared by four separate doctors. The ALJ noted that the treating physician's opinion was "not supported by objective signs and findings and ... is inconsistent with other substantial medical evidence." We conclude that the ALJ's reasons are sufficiently "specific and legitimate." *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996).

Watson next argues that the ALJ should not have relied on the testimony of a voca-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tional expert, because that testimony was contradicted by the Dictionary of Occupational Titles ("DOT"). *See* Social Security Ruling 00–4p (providing that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy). We conclude that there is no conflict on these facts. Thus, it was not erroneous for the ALJ to consider the expert's testimony without further clarification. We similarly reject Watson's final contention—that post-hearing evidence showed she would be unable to work—as unsupported by the record.

Accordingly, the decision of the district court upholding the Commissioner's ruling is affirmed.

AFFIRMED.